Reabe, J.
 

 By our statute a constable refusing or neglecting to return any precept to him tendered or delivered, which it is his duty to execute, forfeits to any one who will sue for the same, one hundred dollars. Rev. Code, c. 34, s. 118.
 

 The question is, Did the defendant refuse to receive and execute process which it was his duty to execute ?
 

 The person against whom the process was issued that the defendant refused to receive, was, on the day and at the time when the process was tendered, in attendance on a commissioner as a witness; and our statute exempts witnesses thus attending from arrest in civil cases. Rev. Code, c. 31, s. 70. If, therefore, the defendant had received the process which was tendered to him, he could not ■ have executed it. It was not only not “ his duty to execute it,” but if he had executed it he would have been liable to an action for false imprisonment.
 

 It was not denied by the plaintiff’s counsel that such
 
 *375
 
 would have been the result if he had executed the process on that day; but it was insisted that it was his duty to receive the process when tendered, and execute it at a subsequent time when the person should be liable to arrest.
 

 We do not think that an officer is liable to the penalty for not receiving process, unless it runs against a person who is then subject to it; or in the language of the statute, unless it is “
 
 his duty to execute
 
 ” it then. If process were tendered to him on Sunday, he would not be obliged to receive it and hold it until Monday to execute; so if tendered to him out of his county, to be executed when he returns to his county, he would not be obliged to receive .it. It may be very obliging in an officer to make himself the depository of process and other papers which, on the next day or the next month he may execute; but he is certainly not liable to a
 
 penalty
 
 for declining thus to encumber himself with other persons’ matters. It is to be noted that the plaintiff in this case is not the person who tendered the process to the defendant, but is a volunteer, a common informer. There is no allegation that he has been injured by the refusal of the defendant to receive the process; nor is it alleged that the process was tendered the next or any other day; nor does it appear that he did not receive it and execute it .the next day.- At any rate the person who sued out the process does not complain. And the plaintiff insists that the offense was complete and the penalty incurred by the simple act of refusing to receive process on a day when it was unlawful for him to execute it. We think the defendant was not bound to receive the process at the time it was tendered.
 

 It appears that the person against whom the process was issued was a witness for the present defendant in a suit which he had -with another. And it may be that process was tendered to the defendant to execute upon his own witness, when it was unlawful to exeotite it, for the purpose of perverting justice by offending the witness. If so, the plain
 
 *376
 
 tiff has very well merited the payment of the costs of this suit. At any rate, it does not appear that, either in strict law or plain justice, he is entitled to recover.
 

 Per Curiam, Judgment reversed and
 
 venire de novo.